We'll hear argument first this morning in Case 11-9540, Decamps v. United States. Mr. Johnson. Mr. Chief Justice, may it please the Court. In this case, it doesn't matter what my client was convicted of in 1978 in the State of California. What's important for the Armed Career Criminal Act is what he's convicted of. And as we all know, to be convicted of a crime, elements have to be proven beyond a reasonable doubt or agreed to by a defendant after waiving his constitutional rights. In California, burglary, unlawful entry, as defined by the Court in Taylor on what a generic burglary consists of, is not an element of California burglary. Any entry with the intent to commit a crime, a theft or a felony, will do. A California jury is never required to actually find unlawful entry in the Taylor sense. Regardless of the defendant's conduct, a California burglary conviction is not, by its elements, Taylor burglary for Armed Career Criminal Act. Ginsburg. You don't take issue, do you, with the argument that in determining what the State law is, you can take account not only of the words of the statute, but how the State supreme court interprets those words? I don't take issue with that, Your Honor. I think if the State courts clearly state something is an element of a crime, I don't agree with that. Well, the California supreme court has said that an element of the burglary statute is the violation of some possessory interest. Now, I know there's some disagreement between you and the government about that. But assuming for the sake of argument that that is an element, one way for the California court to express that is to say simply, as it has, that an element is the violation of a possessory interest. Another way of saying exactly the same thing would be to say that the term enters under the California burglary statute means either breaking into a structure or the violation of a possessory interest in some other way. Those are exactly equivalent. Now, if they were to say the latter, would a conviction under the statute potentially qualify under the Crime and Career Criminal Act? Well, I don't believe it would because I don't believe possessory interest equates to Taylor definition. No, but they set out alternative elements, either breaking into the structure or the violation of the possessory interest in some other way. Well, if the elements are shown, and if that's the definition, then yes. But I don't think California possessory interest is the same thing. No, but they have said isn't do you dispute the fact that saying, A, an element is the violation of the possessory interest, and, B, the elements are breaking or the violation of the possessory interest in some other way are exactly the same substantively? I don't, Your Honor, because in the Taylor sense, you have to have an unlawful trespass, actually a trespass or an invasion of a person's, well, unlawful trespass. In California, you don't have to have a trespass. And as the Court indicated in the Taylor decision, it talked about shoplifting in the State of California. So is a shoplifter someone who should be subject to an Armed Career Criminal Act enhancement? I thought your argument was that if the terms of the statute set out alternative ways of satisfying an element, you have alternative elements, in essence, that then even if some of those alternatives don't fall within generic burglary, if one does, then a conviction under that statute potentially can qualify. Is that not do you not? No, I have no argument with that. That's the modified categorical approach I see. All right. Now, what if the State supreme court says exactly the same thing? Your answer to Justice Ginsburg was it doesn't matter whether the elements are set out in the statute or whether they are defined by the State court. Well, as I said, if the element is set forth and it's an element that meets the definition of the generic definition in Taylor, then I agree with you. But I don't believe California burglary does that, because the entry with intent to commit a crime is burglary in California. Well, I'll ask the question one more time. Is there a difference? What the California court has said is that an element is the violation of a possessory interest. Assuming for the sake of argument that is correct, that is a correct statement of California law, is there any substantive difference between saying that and saying the element is breaking or, in the alternative, the violation of a possessory interest in some other way? Is there some substantive difference between those two things? There may not be a substantive difference, but in California breaking is not required at any time. It's not an element of the crime. Mr. Johnson, could I try what Justice Alito is getting at maybe in a slightly different way? And it's really the argument that the Ninth Circuit made, which is that you can take any indivisible statute, indivisible statute, and you can reimagine it as a statute with divisible elements. And Justice Alito gave one example of that. And the question that the Ninth Circuit says is, once we've said that we can look to Shepard documents when we have a divisible statute, why not apply the same reasoning when we have an indivisible statute, given that any indivisible statute can kind of be reframed in our heads as a divisible one? Well, because in that case, the jury, if a statute is made where the question is, is a weapon involved, and you can commit that with an axe, a gun, or a knife, but the element is weapon, the jury is only required to find weapon. And if gun is the fact that needs to be shown for an act of predicate, you don't get there. Again, you go back to the element, what's the person convicted of? They'd be convicted of a weapon violation, not a gun violation. And so I suggest it's the same thing here. Scalia. But I thought our case has held that when you have a conviction for a weapons violation, you can look to the Shepard materials to decide whether, in fact, the weapon violation was a gun, a knife, or an axe, can't you? If the State statute sets out those as an alternative element, I would agree with that. If they're not set out as an alternative element, then I don't think they're – I think they're a manner and means of committing the crime. I don't think they're an element of the crime. Or if the – you acknowledge if the State supreme court says weapon could mean a gun, a knife, or a hatchet, that would suffice, right? But if the supreme court doesn't say that, we cannot imagine it. Well, if it's spelled out as an element, I think you can. But if it's not spelled out as an element, but the State supreme court says, our statute says weapon, of course a weapon could be a gun, a knife, or a hatchet. And then we look to the Shepard documents and we find that this conviction of a weapon violation was, in fact, based on the possession of a gun. But again, I think it would go back to the element of weapon. Breyer, the problem is there's no way. This is purely conceptual. A State supreme court that says the word weapon in the statute means knife, axe, or a gun. Now, are those three ways of committing the crime? Or are they three crimes, each with a separate element? That is, we'd need not only St. Thomas Aquinas, but I mean, we'd need those angels dancing on the head of a pin. There is no difference that I can imagine. And therefore, you're saying, look to the point of this statute. It is not to look to the individual way in which it was committed. And therefore, go to the statute to see whether you have a single crime or separate crimes, okay? That's what I think your argument is. Do you think I understand your argument? Fine. If I understand your argument, it's not as friendly a question as you might hope. Because what I want to do next is say, why are we debating this point? Because the only difference I can see under the California statute is shoplifting. And even that one is sort of debatable. And the very next clause of this statute says, or otherwise, or otherwise, involves conduct that presents a serious potential risk of physical injury. So why not forget about this metaphysical point and say, look, even if you're totally right, you've still got a statute that had 430,000 convictions, and as far as we can tell, there must have been fewer than 500 that involved shoplifting. So this is so much like burglary, that whatever risks were presented by burglary are surely present here. So let's forget the metaphysics and just go on to Clause 2. Now, why hasn't anybody done that? It's a mystery to me. Because you haven't and they haven't. So why not? Well, I — it's not my burden to do that. And, you know, I expected that question. But I think even under the residual clause, we win the case. Why? Because in California, a shoplifter is not. But I don't think shoplifters are dangerous. Breyer. No, no, no. But I mean, what I would do, and, you know, I've said this, and nobody pays any attention. I think Justice Scalia said it. Nobody pays any attention. I think Justice Posner said it. He said, look, under Clause 2, these are really empirical questions. Is this dangerous or not? Let's do a little sampling, and what we'll do is we'll sample the kinds of people that this particular State statute X get convicted under, and where a whole lot of them are dangerous, it's a dangerous statute, and where not, not. And so nobody's done that sampling, but we do have some numbers here, and the numbers here suggest that this is really a burglary statute. Well, there's other ways other than just shoplifting. There's, for example, a mortgage broker going into a home with an invitation. Yeah, you could. I just don't think there are that many people who burgle their own homes or who go into the home of somebody else with an invitation and then sneak into the cupboard and stay overnight and burglar everything. I mean, there are some such, but. Doesn't it come back to the test this Court thought Congress meant when you made the ruling in Taylor, that we're not going to look to the manner and means of commission, we're going to look to the elements? No, no, no. It doesn't have to do with that. It has to do with the crime. And the crime is the crime that the statute defines. And the question is, is that crime otherwise present a serious potential risk of physical injury? And if for a thousand manifestations of that crime it does and three manifestations of that crime it doesn't, you would say the overall judgment here is this is a crime that does present that dangerous risk. That's because in almost all cases it's there. Well, if the Taylor definition, after the Court worked that through, I think the Taylor went with the categorical elements approach. I think what you're talking, Your Honor, is a different approach. No, no. It's exactly pure categorical. You have a crime in a statute. You don't know how dangerous it is. It is not burglary, arson or explosives. So to find out if it presents the same kind of danger, you do a little empirical research. That's all I'm saying. It has nothing to do with categorical approach. But then why do we have the is burglary language and the other dimensions? Is burglary or otherwise, or otherwise, burglary or otherwise. And the reason we have or otherwise is because Congress does know that the number of State statutes that are sort of like something, but not completely like something is in the thousands. And so that's why they put in or otherwise. Well, I think in this case one of the considerations that drives our argument is that if you get into that fact-finding mode of manner and means in order to establish an element that is not in the State statute, which is in the case we're looking at here, I think you've got an Apprendi problem. And I think under the Sixth Amendment, my client should have had a right to a jury trial and proof beyond a reasonable doubt. He went from a max 10 to a max of life and a mandatory min of 15 years, and based on what we contend is fact-finding in violation of Apprendi. Suppose the Court were to say, we now hold that the modified categorical approach applies to this statute and to these facts. Would the plea colloquy suffice to show that under the modified categorical approach, the defendant necessarily was convicted of a crime that's equivalent to the generic crime of burglary? Well, I think the breaking under the California statute is a manner and means of committing the crime. It's not an element of the crime, because you don't have to. But if he necessarily, the defendant necessarily was convicted of an offense that had the elements of a generic crime, if he necessarily was convicted of that, would that suffice? And if it would, does the plea colloquy suffice to show that? That's kind of a two-part question. It is a two-part question. I hope I can get an answer to each. Well, the first question is, because the breaking is not part of California requirement, a jury is never required to find that as an element, nor does a judge when he's taking a plea have to find that. But if under the modified categorical approach, we insist that in the particular case before us, the generic components of the crime must necessarily have been found by the jury, and if we say that that's the rule, that's inconsistent with your view of what the law ought to be. I think it would be, because I think unless it's — unless there are alternatives in the statute, some of which constitute the generic crime and some of which don't, I don't think you can use a modified categorical approach. I think what you're saying is it could necessarily have been found by the jury, but he would nevertheless not have been convicted of that particular crime. That's obviously a more basic question. The jury in finding him guilty of the generic offense could only have found that this mode of committing the offense was what he used. Nonetheless, he has not been convicted of using that mode. He's been convicted of the generic offense. Is that true? Exactly true. Just like for an example would be in a plea bargain context, the prosecutor charges a person with delivery of a controlled substance. Maybe there's a problem with a search or something and they come up with a plea bargain of possession of a controlled substance. Are we going to, 30 years later, go back and say, well, the colloquy says this person did do a delivery, so we're going to punish him as if he did? But under the modified categorical approach, the whole point is that we do look to the plea colloquy. You look to the plea colloquy. Of course, which is why you say you don't think the modified categorical approach should apply. But I'm saying suppose we say that it does and we look at the plea colloquy, what do you want us to conclude from that? Well, even if you say it does, it still doesn't – it's not an element of the crime. So he's not convicted. Could you simplify that? What do you think the elements of – just going back to what Justice Scalia said. As I understand your position, the elements of a burglary in California law is being in a place with the intent to commit a crime. Whether you got there with permission or without permission, unlawfully or not, is irrelevant. So what you're saying is what he pled guilty to was being in that garage with the intent to commit a crime, correct? Yes. In California, you just – entry with intent is all you need, with intent to commit a crime. The unlawfulness is not necessary. It's not necessary. That's the point. No matter what he said, he wasn't convicted of a generic crime, because all he was convicted of under California law was entering and with intent. That's your point. And the manner and means of committing it isn't the point. It's what are you convicted of. And I – and I – again, I think unless the Court decides to change that approach, I think we're going to have an apprendi problem. But your argument comes back to how the elements are defined. It comes back – so in your view, what is critical is in a case of a broad statute, whether the statute simply sets out a broad category or whether it sets out lots of subcategories. That's what your argument comes down to. If the Court says – if the California legislature or the California court says the element is entry, period, that's one thing. If they say the element is breaking or entering in some other way, that's something entirely different. It all comes down to that in your view. Well, it may come down to what the Court thinks California means by invasion of a possessory interest. But again, I just – I don't see invasion of a possessory interest as the equivalent  That's not what I'm saying. It's like the old joke. I mean, it's in the statute. You're looking back to see whether he was charged with possession of a gun, which is one word in the statute, or an ax, or a knife. That's what we're looking for under the categorical, modified categorical. But if all it says in the statute is weapon, even if the Supreme Court says it's a gun, a knife, or an ax, you still have nothing to look for, because the charge to the jury could have been, did he have a gun or a knife or an ax? And the answer to that question, when the jury comes back, would be yes. See? All they have to say is yes. They don't have to say which. And therefore, Apprendi would be violated in your view. That's correct. I think that sums it up. Well, if that's your argument, then you're really asking for us to modify our prior cases, because I thought it was clear that if the element – if the statute required if the – to qualify under ACCA, you have to have a gun, and the statute says that you have to have a weapon, and a weapon is defined as a gun, a knife, or a hatchet, that would be okay. Is that wrong? Isn't that your – don't you agree with that? If the predicate element is included in the statute or the decision, I agree with that. But again, I don't think that happens. So your answer to Justice Breyer was not yes, it was no. Well, maybe I misunderstood the question. But I think the – you know. Well, let's get back to this case. I think what you're saying about the plea colloquy is even if he had said to the judge, yes, I broke and entered the Metro Mart, even if he had said that, the conviction still would not be for burglary. The conviction is for just entry, and for the entry with intent, which, again, isn't how this Court defined burglary in Taylor. And your principal argument, isn't it, is that what we've said in the modified categorical cases is that you look to these Shepard documents to help you define the element of the offense. So if you're not sure which offense the person has been convicted of, you look to the Shepard documents to do that. But you don't look to the Shepard documents for a different purpose, which is we know what the elements of the offense are, but we want to know whether this person also committed the generic offense. Yes. Yes, I agree with that. And – but the government wants you to use the Shepard documents to go beyond that. Yeah, but here's, I guess, the rub, which is, you know, I take the point that what the Ninth Circuit has said does not seem very categorical. They can, you know, it doesn't seem categorical, it doesn't seem modified categorical. But there is something a little bit insane about your position. I don't – you know, we take the most populous State in the country, and everybody who's convicted of burglary in the most populous State in the country is not going to have committed an ACCA offense, even though, as Justice Breyer suggested, 98 percent of them really have. There's a – there's an easy way to fix that. State legislature can change their law if they want to. The Congress can change the approach they want to take, and that would – that would solve that problem. But I don't think it's up to the Court to change 22 years of jurisprudence to do that. California has known this for over 22 years. These problems have been around and percolating, and the right to a jury on issues of fact — But it's not California's problem, right? We're talking about Federal legislation and how that operates. I agree. So Congress can amend the statute if they wish. As many members of the Court have talked to the Court and asked the Court to do. But I – in light of how I believe this Court interprets the law and the categorical approach, and the idea was that using the modified categorical approach would only apply in a narrow set of circumstances. The Calif – or the Ninth Circuit's version is not a narrow set of circumstances. Arguably, it's just about any crime that comes in, later on, sometimes decades later, they're going to be doing fact-finding on issues some of the participants might have passed away. I mean, all kinds of things like that. It's not fair to the – to a defendant under those circumstances that that kind of fact-finding is going to take place and result in the egregious extra penalties he's looking at unless he has a jury trial. Those aren't facts of the conviction. They're facts about the conviction. I think that's the difference between the Ninth Circuit's approach and what all the other circuits have. I think the other circuits get it. They get the idea of modified categorical should be narrow. Ginsburg. There's probably an obvious answer to this, but the Taylor definition of generic burglary is unlawful entry into or remaining in a building with intent to commit a crime. Why doesn't this requirement of which the defendant was convicted satisfy the remaining – remaining in the building with intent to commit a crime? Well, California burglary is, I believe, in my reading of the case law, it's – the intent is formed as you enter the premises, and that's when the burglary has been committed. If, for example, that's the way I read the case law. But that intent would continue while the person remains in the building. Well, except the – again, is it the intent in the generic sense or is it the intent in the California sense? And I suggest there's a difference, because, again, I don't believe in – invading a possessory interest, I think that came up when someone was convicted or they tried to convict them of burglarizing their own home, and the person had a possessory interest, so they said, oh, you can't be guilty of that. I just don't – I don't think possessory interest equates to the generic Taylor element, and I'd like to reserve my time, if I might. Thank you, counsel. Mr. Horwich. Thank you, Mr. Chief Justice, and may it please the Court. I'd like to start maybe at a point in a colloquy that my friend was having with Justice Breyer, which brought out the point that Petitioner's position here is that there's a difference between alternative elements in State crimes and alternative means. And from the point of view of a guilty plea, which is what we're dealing with here, I don't see how you're going to make that sort of distinction. It's an unworkable distinction, because from the point of view of a defendant pleading guilty, whether it's an alternative element or alternative means, it's just an alternative way of offering the factual basis for the crime. And the sentencing court ought to look, as the court – as this Court said in Shepard, to the factual basis that's offered for plea guilty. Breyer, but you're not looking at the factual basis for the purpose of deciding the manner in which the defendant committed the crime. You're looking to the factual basis, or you look to these other documents, in order to decide which crime it was that the offender committed. And the reason that you have to sometimes do that is because there are many State statutes which, under a single section number, list several different crimes, where crime here does not refer to a thing that happened on a particular day at a particular time, but refers to the kind of thing that a statute defines, i.e., a general category. Now, every case that we've written, it seems to me, says that or is consistent with that. And that's certainly consistent with the idea of the crimes being burglary, arson, explosives, or other dangerous crimes. So the guilty plea is beside the point. It may just say guilty of 828.376, Section 4.2bc, end of the matter. And we don't know which of those three things, house, car, boat, which are there in that section, was the crime committed. And he's saying that's the end of that. And so he says then, look, this is a California State statute, and it is a California State statute, but it isn't divided into three parts. It just has one part, and that one part is not the equivalent of Federal burglary as defined by Justice Blackman in the Court in this case, end of matter, QED. I do think you've accurately described what Petitioner, the dividing line that Petitioner would advocate is. But I would urge the Court to look at the experience of the court of appeals with regard to trying to apply that dividing line, and that will reveal to the Court very clearly why it becomes unworkable. Because we've got several courts of appeals, as the Court's aware, there's a division of authority on this, that have said, well, look, we want to look for statutes that are phrased in the disjunctive or that have these separately numbered subsection headings or something. Now, setting aside whether that's really principled or not to focus on the text versus the judicial decisions, let's accept for the sake of argument that that's the line. The problem is that in the next case that those courts confront, that applying that rule rigidly produces really strange results. Breyer, That's exactly right. So therefore, that was my question, basically. And, of course, Congress knew that there are hundreds or thousands of State statutes with several different words, and they can't, you know, different ways of getting it the same thing. And therefore, they wrote the next phrase of their Federal statute, which is it's not the case that burglary, arson, explosives, or otherwise, or otherwise, involves conduct that presents a serious potential risk of physical injury. And so if you have a slight variation on the burglary theme, it doesn't fit within generic burglary. But it's pretty hard to imagine it wouldn't otherwise present the same risks, at least if it's only a slight variation. Well, I — the parties have not briefed here, and I wouldn't want to put it in court. No, and that was my question. Why not? Well, this case has been argued as, because this is a conviction under California burglary, it's been argued under the premise that it should be classified as generic burglary. But let me go back to the other point. Maybe they haven't argued it because there's some serious constitutional doubt about whether the statute which makes it a crime to engage in conduct which creates a serious risk of physical injury is constitutional. That's such a vague standard. You go to prison for 30 years if you engage in conduct, quote, that creates a serious risk of physical injury. I'm not about to buy into that one. I understand Your Honor's view on that subject. Mr. Horwich, I'm going to do you a favor and ask you about an argument you did make. Yes. As I understand your argument, your argument is not the Ninth Circuit's argument, because you very carefully distinguish what are what you call missing elements cases from this case. Yes. So do you reject the Ninth Circuit's view that the categorical approach should apply even where there is a missing element, as you call it? Well, I want to be very careful that we're talking about the same thing when we say missing element. And so maybe I can give an example of what I think is a missing element case and one to which we do not think the modified categorical approach can be applied. And a good way to think about the exercise that we think a sentencing court should be engaged in here is to say, you should imagine there's a set of boxes on one side that correspond to the elements of the generic offense, excuse me, of the State side, and on the other side a set of boxes that correspond to the elements of the generic offense, and the exercise is to go through the Shepard materials and figure out what goes into those boxes or what went into those boxes on the State side to establish a basis for the previous conviction. And then you take whatever was put in those boxes, be it specific or general or whatever it is, and then see if those things give you enough to fill in the elements of the generic offense. Now, in a case that we would call a missing element case, let's take, for example, because we're talking about burglary, let's talk about criminal trespass. So criminal trespass, let's assume, is defined as the unlawful entry of a building or structure, period. And there's no provision that you have to have intent to commit a crime. Now, it doesn't matter what's in the Shepard materials for someone who pleads guilty to criminal trespass, because there's no way you're ever going to get something in one of those boxes about unlawful entry of a structure that's going to let you fill in the generic box. Kagan. Kagan. Let me give you a different kind of example. Let's suppose you have a statute that made it illegal to interfere with a law enforcement investigation. And you're prosecuting somebody, maybe the person is pleading, maybe he goes to trial, it doesn't matter. The theory of the case is that the defendant violated this statute, interference with a law enforcement investigation, by assaulting a police officer, okay? Is that a missing elements case, or is that what you think is going on here, which is it's just an overbroad statute? Well, we would need to know, I guess I would need to know in your hypothetical what we're trying to classify that conviction as, because. The conviction is interference with a law enforcement investigation. That's the statute. But interference with a law enforcement investigation can be done in extremely It can be done in an extremely violent way, which would be an ACCA offense or not. It's overbroad. There are ACCA offenses in it, but there are also non-ACCA offenses in it. Well, I'm sorry. I guess my concern is that I would need to know what generic enumerated crime we're trying to fit that into, because although perhaps that could be classified under the residual clause. Sure, it could be. That might raise a set of questions. I think that raises a different set of questions. I want to be clear that our argument here at this point is only that the Court should accept this for purposes of dealing with the enumerated, with enumerated offenses. Well, why would there be any difference between those two? Why would you take your argument differently on the residual clause than in the enumerated crimes? Well, I think because the way this Court's residual clause jurisprudence has evolved, it requires the Court to make some assessment of the degree of risk of some set of conduct that's not too much more serious than what the defendant engaged in, but not too much less serious. And so I don't know what that reference point is. I mean, there's something of that, I think, in Your Honor's disagreement with the majority in the Sykes case, I think, of trying to figure out what the right frame of reference to draw is. So I think residual clause cases are a very difficult context in which to talk about hypotheticals here. And for that reason, I would, I would, I think it's more productive to try to assign them to burglary or one of the other generic offenses. If I can give an example. Well, let me, let's talk about this case then. I mean, I'm not sure I understand that quite, but let's talk about the burglary. Suppose that there was a State that just said entry. In other words, this State says unlawful entry, and you say that's overbroad, but we're still in sort of the same universe of an element. Suppose the State just said entry. Would we be in a missing element world or in an overbroad world? If the State statute provided that all entries qualified, which is what I understand your hypothetical to be, then I think that probably amounts to a missing element situation, because, and I'm taking the Court's test from Shepard here, the question is what did the defendant necessarily admit in the plea colloquy. And there may be, I want to be clear, there may be any number of things that are in the Shepard materials that are noted in the plea colloquy, but if they are not offered as the legal basis for the defendant's conviction, then they don't make it into those boxes that I was talking about, and they don't make it into being a basis for the generic offense. Sotomayor, but that's my problem, which is you say that, but how to define a missing element from an alternative element is, is overbroad element doesn't make any sense. As I read the California statute, all it says is you have to enter a number of defined things with the intent to commit a crime. It doesn't talk about whether the entry itself is unlawful. That's your colleague's, your opponent's argument. But you're trying to read into the method of entering that it could be legal or illegal, and so you look at the documents to add that. Well, I don't think no, I don't think we're trying to add that. I agree that if, for example, the California Supreme Court's decision in Gauze had come out the other way and said, yep, it's your own home, you know, so what, as long as you're entering, the statute literally says entry, there's no, there's nothing further that we need to examine, then I agree this would be, you could call it a missing element case. The problem with Petitioner's position about California law is that that's not California law. Petitioner says, I wrote this down, any, he says, any entry with intent to commit a crime will do. That is not true. You can enter your own house with the intent to commit a crime. That is not burglary in California. You can enter somebody else's house with the intent to commit a crime, and that's not burglary if they know you intend to do that. Breyer, but what they said in Gauze is that the entry must invade a possessory right in a building, and that cuts in your favor, because that's not having different ways of committing a crime. That's what the word in the statute means. Yes? Yes. So now you're ahead. But the difficulty, I think, is, as I understand it, that invading a possessory interest includes, includes going into a shop with an intent to steal something, a shoplifter. Now, you could go back to the Blackman opinion and you could say, bah, that falls right within it, because generic burglary is defined in part there to include generic, an unprivileged remaining in a building. And you'd say, you see, these are the same. Were it not for two facts, the first fact is in Shepard, it seems as if the Court says shoplifting is not burglary. And then you look to the treatise that they cite for that, which is Lefebvre, and Lefebvre makes that even more clear and says, no, when you talk about remaining, what we're thinking of is hiding in a bank and not going into what used to be Jordan Marsh and staying overnight, not even staying overnight, but just putting a few toothbrushes in your mouth. So that's where the problem is. We absolutely agree that the shoplifting basis for California burglary does not correspond to generic burglary, but by the same token, we also agree that the burglary of an automobile version of California burglary or the burglary of a burglary of a car is a problem. Well, I don't think we're back to that. I don't think we're back to any real problem here, because the Court should not be seeking a rule here that turns on some idiosyncrasy of how State law is phrased or announced. The Court should be looking at the question of whether or not it's a burglary  Sotomayor, you are asking us to determine or to have courts below determine what are or are not definitions that the judiciary is applying to means versus mode, et cetera. Well, we're not asking the Court to draw any distinctions among those. I guess what I'm saying, the government's test is that in applying the modified categorical approach to a conviction entered upon a guilty plea, the Court should be looking at what the legal basis for the prior conviction was, which is, in the words of Shepard, the matters, the factual matters the defendant necessarily admitted. That's what Shepard says. And Shepard draws an analogy. Kagan. And that creates its own idiosyncrasies. I mean, suppose it's the same plea colloquy had taken place, and the prosecutor, instead of saying, you know, the defendant broke and entered, he had said the defendant unlawfully entered, right? Completely different result under your theory, isn't that right? Yes. It is a different result. But let me explain why that is. That's not actually germane to the dispute that we're having here, because the prosecutor equally could have said, he broke and entered one of the places enumerated in the statute. And that, too, would have been vague, and that wouldn't have allowed the sentencing court to classify it as generic burglary. That the possibility that the Shepard records are insufficiently precise or they're too opaque or that they just don't exist because they've been lost is something that can frustrate the application of the modified categorical approach, regardless of whether we're talking about ours versus ours. Kagan. I think it's a deeper problem than that, because the defendant is standing there and he doesn't care at all whether the prosecutor says unlawfully entered or broke and entered. It doesn't matter a whit to him. And so so something is the difference between an enhanced sentence and not an enhanced sentence that's not likely to be thought about, let alone adjudicated. Well, by the same token, the defendant would not care a whit whether it really was a grocery store or it was a car, because those two would also cause him to be convicted of the same, the same burglary offense under California, but they would lead to different results for classifying the prior conviction. And the point of the case is that the Shepard approach, the existence of the documents, how carefully they've been developed, that it would expand that fortuity to a far greater number of cases. I guess I'm not prepared to make a confident prediction about the relative number of cases. It certainly would be more cases, but I think that we would be expanding it that way in an effort to assure greater sentencing equity. It seems very strange to me that you could have had someone engage in exactly the conduct that Petitioner did, but in another State, come into court, have exactly the same guilty plea colloquy, be convicted of that State's version of burglary, and then it does count, but it doesn't count in California. For some reason it has, for a reason it has. Roberts. I'm not sure that it achieves greater sentencing equity when you have two defendants who have done exactly the same thing in California, and because of the fortuity of what the plea colloquy looked like in one case as opposed to another, when it really didn't matter one way or another in that situation, one person qualifies under ACCA and the other doesn't. And presumably, I agree that you don't have empirical evidence, but given how it does seem to me that it's a broad expansion of the category of cases to which you would apply the modified categorical approach to accept your position. Well, in part I'm not even sure of that. If I can return to the experience of the courts of appeals in this and give some examples, they prefer to stick to these rules about looking for the word or in the statute or looking for separately numbered subsections, and then they confront cases like the statutory rape example in our brief, where the State statute of conviction provides that the victim of the statutory rape has to be under the age of 18, but maybe the generic offense says that the victim has to be under the age of 16. Now, that element of age isn't phrased in the disjunctive, but it seems very strange that if the defendant admits to his victim being under the age, being age 14, that we wouldn't recognize that. Or you have the situation in the Seventh Circuit, that just about a year after it decides the Woods case, in which it applies. Sotomayor, it seems strange to me at all, he hasn't been convicted of rapings, of having intercourse with somebody under 14 or under 15. He's only been convicted of having that with someone under 18. Well, let's imagine for the moment that his case had been tried to a jury. Now, the instructions might have said, do you find that the victim is under the age 18, under the age of 18, but let's, for the sake of argument, say that the instructions the instructions provided was the victim age 14, do you find that the victim was age 14. Those would be perfectly valid instructions, and if that was what the jury found, then we would say in the Taylor sense that that is what the jury was actually required to find. Scalia, not everything the jury finds constitutes a conviction. They have to find something that is an element of the charged offense. And if being under 16 is not, or 14, whatever it is, is not an element of the charged offense, I don't care what the jury finds. Well, with respect, Your Honor, the text of the statute in this part of it does not refer to elements. There is a part that refers to has as an element the use of force or that sort of thing. But here, the relevant text of the statute asks the court to determine, does the defendant have a previous conviction for a crime that is burglary? Here, the defendant has a previous conviction for breaking and entering a grocery store, that's the basis on which he was convicted, and breaking and entering a grocery store is burglary. Ginsburg. Ginsburg. In your brief, as I understand it, you are not relying on the prosecutor's charge that there was breaking and entering. You are relying entirely on the plea colloquy. And in this plea colloquy, the prosecutor said he broke and entered a grocery store. He says nothing. In the typical Rule 11 setting, when the judge goes through the series of questions, the judge doesn't take the defendant's silence. The defendant has to positively affirm. And here, we have a plea colloquy where the prosecutor says something and the defendant doesn't respond. Why is that any kind of a necessary admission, when he has said nothing, which he might have done under the impression that it didn't matter because he had the intent to commit a crime? Well, the defendant's statement of — well, in the context of this plea, it is true that the words didn't come out of the defendant's mouth. Of course, at a proceeding like this, one can fairly understand, as the Ninth Circuit has and other circuits do, to understand that those factual bases are adopted by the court precisely because the defendant does not say anything contrary to the force. But why shouldn't it be different than the Rule 11 colloquy? Why shouldn't there be — if this is going to determine whether there's a crime qualifying under ACCA, why shouldn't it be enough that the prosecutor said something? Why shouldn't the defendant have to say, yes, I broke and entered the grocery store? Because we can treat — because we can treat the proceeding in this colloquy as the defendant adopting that factual basis offered by the prosecutor except by the court. Scalia Qui tacet consentere vidator. Why don't you quote the maxim? Because your Latin is better than mine, I expect. But I think you can't. He who remains silent appears to consent. Yes. This is at the most — I mean, this is at the most — this, of course, is at the most important moments in the criminal process here. This is essentially the defendant confessing his guilt and accepting punishment from the court. So it seems that it's fair to accept that when a basis is offered for his conviction and he is silent. Kagan Well, I guess it depends on whether the basis has any relevance to the punishment he's going to receive, which in this case it doesn't. But put that aside. Here's one thing that strikes me as odd about your position. You said before, in response to a question, you said if there — if the California Supreme Court had not decided gauze, then you would not be up here arguing what you're arguing. At least if it was different, yes. Yeah, if there were no — if there were no unlawful entry that counted under California law. But, you know, the fact that there's this strange gauze case which says, like, you can't burglarize your own home, right, the fact that the court happens to come across that case and happens to decide that you — it seems completely irrelevant as to this matter whether or not the California court once decided that you can't burglarize your own home. What does that have to do with anything in this case? Here's — here's the relevance of it. It's because at common law, of course, there was a strict breaking requirement. And as this Court recognized in Taylor and going back to the Lafave treatise in Taylor, that requirement had, over the years and into modern statutes, been relaxed to include not only strict breakings, but also entries by fraud, entries by threat, and so forth. Gauze — and the reasoning in gauze explains that the California legislature's codification of burglary simply does that relaxation a little bit better by adding essentially one more category of gauze taken with subsequent decisions about shoplifting and such. It explains California just did that one better by adding another category, which is entries that exceed the implied consent to enter public places for lawful purposes. And so what you're left with here is this case exists at the — at the common law core that both California and generic burglary retain, which is an entry by break — an entry by breaking. And it is true that both generic burglary is dispensed with that requirement in the sense that it allows other things to qualify, and so, too, California is dispensed with that requirement. But it hasn't completely eliminated the relevance entirely of the lawfulness of the entry. There's still a question there. It's simply easier to satisfy it if it's not there. Breyer, you say, look at gauze for this reason. It makes clear that, in these words of the California statute, there must be an interference with a possessory interest. Now go back and read the Blackman opinion, and it says the element of generic burglary includes an unprivileged entry or remaining into a building. You say, now, between those two forms of words, there is virtually no difference. Yes. The one possible difference is shoplifting. Exactly. And as to shoplifting, here is what I would like to say. This is you, okay, not me. Shoplifting just is not a factor under California Code section 459. Now, you have not added those last words, and therefore, I begin to think maybe it is a factor. And if it is a factor, then I'm afraid I'm then leaning again in favor of saying there is a big difference in the California statute and generic burglary. But if you could tell me, no, there are other shoplifting statutes, this is never or hardly ever used for shoplifting, then maybe I would feel differently about it and say, oh, it's close enough. Now, you see why I turn back to the empirical question and keep wondering, why is it not possible to get, say, a law professor, they have spare time, get the Sentencing Commission. Get someone to look and see what are the real behaviors that are convicted under section 459. I can know. And then advise defendants who anticipate committing these crimes so that they will know which crimes carry another 30 years. Well, Justice Breyer, I don't think I can give you a statistical answer to that. The statistical survey, the only thing I can offer, and I offer it with some hesitation, is my conversations with California prosecutors suggest that they are, at least today, generally disinclined to charge shoplifting as burglary because it's a lot easier and effectively gets them the same results in most cases to charge it as larceny. But that's anecdotal at best, so I don't have anything to add to that. Ginsburg. What? What shoplifting? I charge it as larceny, because very often it will be the completed shoplifting. It's very hard to prove they had the intent when they went into the store. But if they do, but it does come under this section 459. It does, but in exactly the same way that automobile burglaries come under this statute. The statute is broader as to the place burgled. It's broader as to the types of unlawfulness of entry. And that's not a reason not to recognize that when the defendant, as Petitioner did here, says my crime was breaking and entering, to recognize it as breaking and entering, which is all we think Shepard asked for. And I want to be clear that you wouldn't go beyond that. We're not saying that a defendant who's pleading guilty to criminal trespass who says it was breaking and entering and I intended to go steal something in there, you can't then call that burglary because the additional admission to intent is not germane to the conviction for criminal trespass. So you can't use that and turn that into generic burglary. That answers the hypothetical that was raised about someone who enters a plea bargain to possession of controlled substances instead of distribution. That answers a great many of the parade of horribles the Petitioner is offering. And that's the reason why I'm here. Sotomayor, could you tell me what the difference is between entering the garage with permission and taking a wrench and walking out, and entering a store with permission and taking an article of clothing? Are they both shoplifting? I — if in your hypothetical the garage is a — is not your own garage and you don't have the consent of the garage's owner to — who knows that you're going to take the wrench, no, they are the same. Those are the same. They are the same. So in answer to Justice Breyer's question, you do admit that under the California definition of burglary, shoplifting could be charged. Shoplifting could be charged, and someone could plead guilty to shoplifting, and that wouldn't count. The problem here is that — I think your adversary, but he can speak for himself, in his brief, did point to some convictions for shoplifting under the statute. Yes. Oh, no. We agree. There are some that — Absolutely. You could be convicted of shoplifting. We don't disagree with that. But what we're saying is that the approach that Taylor and Shepard suggest is one that focuses on what the defendant necessarily admitted in offering the legal basis for his conviction, rather than on hypotheticals about other conduct he might have committed that would have resulted in the same conviction. Alito, what seems to me perhaps clearest about this case and others is that this modified categorical approach has turned out to be extremely complicated and occasionally produces results that seem to make no sense whatsoever. Was this inevitable? Is this really what Congress intended? Or did the Court create this problem by the way that it has interpreted ICA? You can answer. If I may briefly, my sense is that this problem is largely the product of lower courts trying to draw very fine formalized angels on the head of a pin distinctions about the statutes, rather than simply focusing on the conduct that was necessarily admitted. And if they would do that, I actually think this would go significantly more smoothly. Thank you, counsel. Mr. Johnson, you have four minutes remaining. Thank you, Chief Justice. One thing I'd like to point, there's a lot of discussion about shoplifting as if that's one of the only problem areas we have. On page 9 of our replay memorandum, footnote 5, contains a number of examples of other California burglaries. And I don't, you know, it's page 9 of the replay memorandum, footnote 5. California burglary, it's, those examples are just a few examples how burglary is consensual entry into homes. That's not an unprivileged entry, and it's not a trespass. I think that limiting it to just saying that shoplifting is the only problem we have, I don't believe that's the case. Mr. Johnson, the last answer by Mr. Horwick to the last question was it would be simpler if we hadn't done the modified categorical approach. But the reality is we have a statute, the ACCA statute, that defines violent felony not with respect to a felony that involved dangerous conduct, but as any crime punishable by imprisonment that has an element that threatened use of physical force. So it's not what the Court created, it's what the statute created. I agree with that, and I think that — I don't think anything has changed in — since in the last 22 years for the Court to step away from Taylor. In fact, I think the recent developments in constitutional law, Sixth Amendment rights to trials on fact-finding. Alito, does the offense of burglary have the element of using force or threatening to use force? I don't believe it does. I think the theory is that — So the element doesn't — the element language doesn't apply to burglary? I think it does. Well, you don't have to prove. I mean, burglary is specifically named. It's not the residual. It's not the residual. The use or threatened use of force is the residual. If you're convicted of burglary, it doesn't matter whether you threaten force. Right? Well, again, I think if we get into the residual, it's going to require the evaluations the Court have done on that. But modified, if you look at the case— Do you think only those burglaries that threaten force are covered by the statute? Certainly not. No. It's all burglaries, so long as you meet the generic definition of burglary, right? Well, I agree with that. Unless there's other questions, I yield the rest of my time. Thank you, counsel. The case is submitted.